UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RENEE MCCLURE,<br><br>Plaintiff,<br><br>v.<br><br>PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al.,<br><br>Defendants. | No. 1:18-cv-00176-DAD-SKO |
| DUSTIN DERRICK HUBBARD,<br><br>Plaintiff,<br><br>v.<br><br>PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al.,<br><br>Defendants. | No. 1:18-cv-00917-LJO-EPG<br><br>**New Case No.: 1:18-cv-00917-DAD-SKO**<br><br><u>ORDER RELATING AND REASSIGNING CASES AND PERMITTING THE PARTIES TO SHOW CAUSE WHY THESE CASES SHOULD NOT BE CONSOLIDATED</u> |

Review of the above actions reveals that they are related under this court's Local Rule 123. These two actions involve the same or similar parties, properties, claims, events and/or questions of fact or law. In addition, the currently assigned magistrate judge in the latter-referenced action has not engaged in this matter in any substantial way. Accordingly, assignment

1

of the actions to the undersigned and to Magistrate Judge Sheila K. Oberto will promote efficiency and economy for the court and parties. Good cause appearing, the court orders that the latter-referenced action is reassigned to U.S. District Judge Dale A. Drozd and U.S. Magistrate Judge Sheila K. Oberto.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge, and does not consolidate the cases. However, Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent consolidation is appropriate. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016); *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." *J.G. Link & Co. v. Continental Cas. Co.*, 470 F.2d 1133, 1138 (9th Cir. 1972); *see also Schnabel v. Lui*, 302 F.3d 1023, 1034–35 (9th Cir. 2002).

Both plaintiff McClure and plaintiff Hubbard were passengers in the same van when they suffered the injuries of which they complain. Both plaintiffs are, moreover, represented by the same attorney. The court therefore observes that these cases may be ripe for consolidation. Nonetheless, the court will permit the parties to file any statements in opposition to consolidation, should they wish to do so.

Accordingly,

1. The court orders that Case No. 1:18-cv-00917-LJO-EPG be reassigned to U.S. District Judge Dale A. Drozd and U.S. Magistrate Judge Sheila K. Oberto, and that all documents filed in that action bear the new case number **1:18-cv-00917-DAD-SKO**; and

2. Within ten days from the date of service of this order, the parties may file any objection to the court's order if they oppose consolidation of the above-referenced actions.

IT IS SO ORDERED.

Dated: **January 7, 2019**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE