# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RENEE MCCLURE and DUSTIN HUBBARD, <br><br> Plaintiffs, <br><br> v. <br><br> PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al., <br><br> Defendants. | Case No. 1:18-cv-00176-DAD-SKO <br><br> **ORDER GRANTING MOTION TO COMPEL DISCOVERY RESPONSES AND GRANTING IN PART REQUEST FOR SANCTIONS** <br><br> (Doc. 89) |

## I.   INTRODUCTION

On July 30, 2019, Defendants Leticia Monique Avalos and Fausto Avalos ("Defendants") filed a motion to compel Plaintiff Terry Renee McClure ("McClure") to respond to discovery requests. (Doc. 89.) Defendants' motion is based on McClure's complete and total failure to respond to discovery requests served on May 3, 2019. (*Id.* at 2.) McClure filed an untimely[1] response in opposition to Defendants' request for sanctions on August 10, 2019. (Doc. 92.) Defendants filed a reply brief on August 12, 2019. (Doc. 93.)

After having reviewed the motion and supporting documents, the matter was deemed suitable for decision without oral argument, and the Court vacated the hearing set for August 14,

---

[1] Under Local Rule 251, McClure's opposition was due by no later than August 7, 2019. *See* E.D. Cal. L.R. 251(e). McClure did not file his opposition until August 10, 2019. (Doc. 92.) Because Defendants' motion requests discovery sanctions, the Court will consider McClure's untimely opposition. *See* Fed. R. Civ. P. 37(a)(5)(A).

2019. (Doc. 91.) For the reasons set forth below, Defendants' motion to compel is GRANTED and the request for appropriate sanctions is GRANTED IN PART.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On February 1, 2018, McClure filed a complaint against Defendants Prisoner Transportation Services of America, LLC, Cleveland Robert Wheeler, Leticia Monique Avalos, and Fausto Avalos, alleging causes of action for negligence, intentional infliction of emotional distress, and civil rights violations under 42 U.S.C. § 1983. (Doc. 1.) The allegations of the complaint are related to a car accident that occurred on July 8, 2016, involving a van operated by Prison Transportation Services of America, LLC and driven by Cleveland Robert Wheeler, and a car driven by Leticia Avalos and owned by Fausto Avalos. (*Id*. at 2–9.) McClure was a passenger in the van operated by Prison Transportation Services of America, LLC, at the time of the accident. (*Id.* at 2–3.) McClure seeks special damages, general damages, punitive damages, and attorney's fees. (*Id*. at 22–23.) On January 9, 2019, a Second Amended Complaint was filed, adding Plaintiff Dustin Hubbard as a party. (Doc. 65.) On May 22, 2019, Plaintiffs filed a Third Amended Complaint. (Doc. 83.)

The Court held a scheduling conference on January 17, 2019, and entered its Scheduling Order on January 18, 2019. (*See* Doc. 67.) The Scheduling Order set the non-expert discovery deadline for November 15, 2019, the non-dispositive motions deadline for January 17, 2020, the dispositive motions deadline for January 31, 2020, and a trial date of July 21, 2020. (*Id.*)

On May 3, 2019, Defendants served their first set of Special Interrogatories, Requests for Admissions, and Requests for Production on McClure, making McClure's responses due by no later than June 3, 2019. (Doc. 89-1 at 1–2, 6–12, 14–18, 20–24.) McClure failed to respond by the deadline and failed to request an informal extension from counsel for Defendants or communicate with opposing counsel regarding the requests. (*Id.* at 2.) On June 13, 2019, Defendants' counsel sent an email and letter to McClure's counsel, attorney Stratton Scott Barbee, requesting that responses be provided by no later than June 24, 2019. (*Id.*) On June 14, 2019, an assistant to McClure's counsel emailed Defendants' counsel that McClure was working to provide discovery responses, but gave no indication of when the responses would be provided. (*Id.* at 2, 29.)

On June 25, 2019, Defendants' counsel called McClure's counsel to meet and confer

regarding McClure's discovery responses. (*Id.* at 2.) During that conversation, McClure's counsel told Defendants' counsel full and complete responses would be served on or before July 5, 2019. (*Id.* at 2–3.) Defendants' counsel attached to the motion to compel an email to McClure's counsel memorializing the conversation. (*Id.* at 32.) Defendants' counsel also stated she would allow an additional 14 days, until July 19, 2019, for verifications (separate from the responses themselves) signed by McClure to be mailed to Defendants' counsel, due to McClure's incarceration. (*See id.*) McClure did not provide responses by the agreed deadline of July 5, 2019. (*Id.* at 3.)

On July 10, 2019, Defendants' counsel emailed McClure's counsel, seeking responses by no later than July 15, 2019. (*Id.*) Although McClure's counsel's assistant responded that they had nearly completed the responses, McClure failed to provide responses by July 15, 2019. (*Id.*)

On July 16, 2019, Defendants' counsel emailed McClure's counsel to request that McClure's discovery responses be provided by the end of the day and stated that "[f]ailure to do so will result in an immediate motion seeking responses as well as all appropriate sanctions." (*Id.* at 47.) McClure failed to provide responses by the end of the day on July 16, 2019. (*Id.* at 3.)

On July 22, 2019, McClure's counsel, who also represents Plaintiff Dustin Hubbard, provided discovery responses as to Hubbard to Defendants' counsel. (Doc. 92 at 3.) No responses as to McClure were provided. (*See id.*; Doc. 89-1 at 3.) On July 29, 2019, Defendants' counsel sent a letter to McClure's counsel acknowledging receipt of the responses as to Hubbard, but did not mention the outstanding discovery requests as to McClure. (*See* Doc. 92 at 11–12.)

To date, McClure has not served responses to the May 3, 2019, discovery requests. (*See* Doc. 89-1 at 3.)

**III.    DISCUSSION**

**A.    Motion to Compel**

    **1.    Legal Standards**

Rule 33 of the Federal Rules of Civil Procedure requires that, unless otherwise agreed upon, the responding party must serve its answer and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Additionally, Rule 33 requires that each interrogatory, "to the extent it is not objected to, be answered separately and fully in writing and

3

1 under oath" and signed by the answering party. Fed. R. Civ. P. 33(b)(3), (5). Any untimely
2 objection to the interrogatory is waived, unless the court excuses the failure for good cause. Fed.
3 R. Civ. P. 33(b)(4).

Pursuant to Rule 34, a party may request production of documents. Fed. R. Civ. P. 34(a). Rule 34 requires parties answering requests for production to "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" in each response. Fed. R. Civ. P. 34(b)(2)(B).

Rule 36 allows a party to serve on any other party written requests to admit the truth of any matters within the scope of discovery. Fed. R. Civ. P. 36(a)(1). The responding party generally has 30 days to serve written answers, although a shorter or longer time for responses may be ordered by the court. Fed. R. Civ. P. 36(a)(3).

If the party to whom discovery requests are directed fails to respond within the allotted time, Rule 37 allows the requesting party to move for an order compelling disclosure. Fed. R. Civ. P. 37(a).

### 2. Analysis

Defendants served their first set of Special Interrogatories, Requests for Admission, and Requests for Production on McClure on May 3, 2019; McClure failed to provide responses by the June 3, 2019, deadline. (Doc. 89-1 at 1–2.) McClure has not responded to the Special Interrogatories, Requests for Admissions, or Requests for Production to date. (*Id.* at 3.) McClure does not oppose the motion to compel discovery responses, and states that he will provide responses without objections within a few weeks. (*See* Doc. 92 at 7.)

Accordingly, the Court GRANTS Defendants' motion to compel responses to the Special Interrogatories, Requests for Admissions, and Requests for Production, and ORDERS McClure to serve responses to each by no later than September 9, 2019. All objections have been waived. If responses to the Requests for Admissions are not served by September 9, 2019, the matters asserted therein will be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

4

**B.   Sanctions**

    **1.   Legal Standards**

Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, or disclosure or discovery is provided after the motion is filed:

> [T]he court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

The district court has wide discretion to impose discovery sanctions under Rule 37. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001).

    **2.   Analysis**

Defendants request reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) in the amount of $542.50 for counsel's time spent on tasks related to the motion to compel. (Doc. 89-1 at 3–4.) McClure filed an untimely response to the request for sanctions. (Doc. 92.) Although the response was untimely, to ensure that McClure and McClure's counsel have an opportunity to be heard on the issue of sanctions, the Court will consider the untimely filed opposition. *See Pacific Harbor Capital Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1120 (9th Cir. 2000).

In his opposition, McClure contends that an award of sanctions would be inappropriate because Defendants' counsel filed the motion without making a good faith effort to obtain discovery without court action and because awarding sanctions would otherwise be unjust. (Doc. 92 at 2–7.) McClure contends that an award of sanctions would be unjust because McClure is indigent, his incarceration makes it difficult for McClure and his counsel to communicate, and McClure's counsel has been busy with other pending litigation over the past few months. (*See id.* at 5–7.)

As an initial matter, the Court finds McClure's contention that Defendants' counsel failed to make a good faith effort to obtain discovery before filing this motion unpersuasive. Defendants' counsel first served the discovery requests at issue on May 3, 2019. (Doc. 89-1 at 1–2.) From that date until Defendants filed the motion on July 30, 2019, Defendants' counsel made numerous attempts to obtain the discovery from McClure by emailing, mailing, and calling McClure's counsel. (*See id.* at 2–3.) Defendants' counsel gave McClure multiple extensions for the responses themselves and agreed to extend the response time even more for McClure's verifications of the responses, due to McClure's incarceration. (*See id.*) Defendants' counsel engaged in a telephonic meet and confer with McClure's counsel on June 25, 2019, and later emailed McClure's counsel and explicitly stated that a motion to compel would be filed if responses were not received by July 16, 2019. (*See id.* at 2–3, 47.) Defendants then waited another two weeks, until July 30, 2019, without receiving responses from McClure, before ultimately filing the motion to compel. (*See* Doc. 89.)

The Court is not unsympathetic to the lawyer-client communication issues caused by McClure's incarceration or McClure's counsel's busy litigation schedule. However, these discovery requests were served on May 3, 2019, almost 3 months ago, and McClure's counsel never requested an informal extension or an extended response time due to McClure's incarceration or McClure's counsel's busy schedule. (*See* Doc. 93 at 3–4.) Further, although McClure asserts he is indigent and thus monetary sanctions would be unjust, McClure has not been found to be indigent in this case, is not proceeding *in forma pauperis* and previously paid the $400 filing fee to proceed with the case. (Doc. 8; *see generally* Docket); *see also Halliday v. Spjute*, No. 1:07-cv-00620-AWI-GSA, 2015 WL 4922762, at *6 (E.D. Cal. Aug. 18, 2015); *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984) (imposing monetary sanctions against allegedly indigent party because "[a] flat per se policy against the imposition of sanctions under [Rule 37] upon any party who is financially indigent does not accord with the purposes of the rule and would open the door to many possible abuses").

McClure's failure to respond to Defendants' discovery requests for months caused Defendants to file this motion to compel and incur expenses as a result. Thus, Defendants are

1 entitled to sanctions for some of the expenses they incurred in filing the motion. The Court further
2 finds that McClure's counsel's conduct contributed to the conduct necessitating the filing of the
3 motion to compel, including failing to coordinate with McClure to complete the responses and
4 failing to request informal extensions from opposing counsel. **Thus, the Court will impose the**
5 **monetary sanction jointly and severally between Plaintiff Terry Renee McClure and attorney**
6 **Stratton Scott Barbee.** *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1170–72 (9th Cir. 1994)
7 (imposing monetary sanctions under Rule 37 jointly and severally between parties and counsel);
8 *Frontier Contracting, Inc. v. Allen Engineering Contractor, Inc.*, No. 1:11-cv-01590-LJO-SAB,
9 2013 WL 663429, at *8 (E.D. Cal. Feb. 22, 2013) (finding "some degree of culpability" attributable
10 to the plaintiff and the plaintiff's attorneys in failing to respond to discovery requests and awarding
11 monetary sanctions under Rule 37 jointly and severally against the plaintiff and the plaintiff's
12 attorneys). Because it is unclear to what degree McClure's or McClure's counsel's conduct was
13 responsible for the discovery violations, the Court will leave it to McClure and McClure's counsel
14 "to sort out their respective proportions of liability and payment." *Frontier Contracting*, 2013 WL
15 663429, at *8.

16 Defendants' counsel, attorney Deborah Bartlett, avers that she spent 1.5 hours preparing the
17 motion and declaration, and estimated spending 1 hour preparing the reply brief and 1 hour
18 appearing at a hearing on the motion. (Doc. 89-1 at 3–4.) At a requested rate of $155 an hour, for
19 3.5 hours, Ms. Bartlett's expenses amount to $542.50. (*See id.*)

20 The Court finds that the $155 hourly rate requested is reasonable. However, the Court will
21 deduct 1 hour from Ms. Bartlett's time since, because the Court vacated the hearing on the motion,
22 no appearance at a hearing was necessary, and will reduce the 1 hour requested for time spent
23 preparing the reply brief to .5 hour, considering that McClure's response addressed only the
24 sanctions issue, and the fact that the reply brief is relatively short. (*See* Docs. 92, 93.) The Court
25 will therefore deduct a total of 1.5 hours from Ms. Bartlett's time to reflect a more reasonable
26 amount of time spent on the tasks performed in connection with the motion to compel. *See Hensley*
27 *v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (attorney hours requested may be reduced where
28 expenditure of time deemed excessive, duplicative, or otherwise unnecessary).

In sum, given McClure and McClure's counsel's conduct in failing to respond to discovery requests and necessitating this motion to compel, the Court will grant in part Defendants' request for sanctions and order McClure and/or McClure's counsel to pay Defendants Leticia Monique Avalos and Fausto Avalos the amount of $310. *See Yeti by Molly, Ltd.* 259 F.3d at 1106.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants Leticia Monique Avalos and Fausto Avalos' motion to compel is GRANTED and the request for appropriate sanctions is GRANTED IN PART (Doc. 89);

2. Plaintiff Terry Renee McClure shall serve responses to Defendants Leticia Monique Avalos and Fausto Avalos' First Set of Special Interrogatories, Requests for Admissions, and Requests for Production no later than **September 9, 2019**;

3. The Court imposes monetary sanctions in the amount of **$310, jointly and severally, on Plaintiff Terry Renee McClure and on attorney Stratton Scott Barbee of the Law Office of Stratton S. Barbee**, to be paid by no later than **September 9, 2019**.

IT IS SO ORDERED.

Dated: **September 3, 2019**                               /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE