UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RENEE MCCLURE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al.,<br><br>Defendants. | No. 1:18-cv-0176-DAD-SKO<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PROTECTIVE ORDER**<br><br>**(Doc. 96)** |

## I. INTRODUCTION

On October 22, 2019, Defendants Prisoner Transportation Services of America ("Prisoner Transportation") and Cleveland Wheeler ("Wheeler") filed a motion for protective order. (Doc. 96.) Pursuant to Local Rule 251, the parties' Joint Statement re Discovery Disagreement was to be filed no later than November 6, 2019. *See* E.D. Cal. L.R. 251(c). The parties failed to file a Joint Statement by the deadline, and Plaintiffs have not filed an opposition to the motion. (*See* Docket.) The motion is therefore deemed unopposed.

Because the parties failed to file a Joint Statement, and the Court deems the matter suitable for decision without oral argument, the hearing currently set for November 13, 2019, is VACATED. *See* E.D. Cal. L.R. 251(a).

For the reasons that follow, the Court GRANTS Defendants' motion.

## II. DISCUSSION

Plaintiff Terry McClure ("McClure") noticed the deposition of Defendant Cleveland Wheeler to take place on November 5, 2019 in Sacramento, California. (*See* Doc. 96 at 2.) Defendants represent that Wheeler is employed and resides in Florida and is no longer employed by Prisoner Transportation, and is "precluded from traveling across the country to have his deposition taken in Sacramento, California." (*Id.*) Defendants request a protective order that requires Wheeler's deposition to be taken at a location within the Middle District of Florida. (*Id.*) The Court previously extended the non-expert discovery deadline to December 16, 2019, for the limited purpose of two depositions, including Wheeler's. (Doc. 99 at 2.)

The noticing party generally has discretion where to set a deposition, "subject to the power of the courts to grant a protective order designating a different location." *Willis v. Mullins*, No. CV F 04 6542 AWILJO, 2006 WL 302343, at *5 (E.D. Cal. Feb. 8, 2006) (quoting *Philadelphia Indemnity Ins. v. Federal Ins. Co.*, 215 F.R.D. 492, 495 (E.D. Pa. 2003)). However, "[c]ourts presume that a defendant's deposition will proceed at his place of residence, business or employment." *Id.*; *see Grey v. Continental Marketing Assocs.*, 315 F.Supp. 826, 832 (N.D. Ga. 1970) ("[T]he cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment; if another place is named and defendant files a timely objection, the objection should be sustained absent some unusual circumstance to justify putting the defendant to such inconvenience.").

If the parties cannot agree on a location for a deposition, a protective order may be obtained. Fed. R. Civ. P. 26(c). The Court has broad discretion to determine the appropriate location for a deposition. *Willis*, 2006 WL 302343, at *5. "Although a presumption exists to depose a defendant at his residence or place of business, 'a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other

place[.]" *Id.* (quoting *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988)).

The factors which a court may consider include: (1) the parties' convenience and relative hardships to attend the designated location; (2) cost of transportation and lost work to the defendant; (3) expense and inconvenience of moving voluminous documents; (4) the location of the parties' counsel; (5) whether the defendant is a corporation whose employees often travel; (6) whether significant discovery disputes may arise and judicial economy favors resolution by the forum court; and (7) whether the "appropriate adjustment of the equities favors a deposition site in the forum district." *Id.* at *6 (citing *Turner*, 119 F.R.D. at 383).

Here, Defendants have shown that Wheeler's deposition should take place in the Middle District of Florida. Wheeler resides in Florida and is employed there. (*See* Doc. 96 at 2.) The parties' counsel are all located in California—thus no party's counsel will be unfairly inconvenienced by traveling to Florida; the cost of transportation and lost work to Wheeler would likely be significant; the defendant being deposed is an individual and not a corporation, and Wheeler is no longer employed by Prisoner Transportation; and no other significant considerations weigh in favor of Wheeler's deposition occurring in California. *See Willis*, 2006 WL 302343, at *6.

Further, Plaintiffs failed to file an opposition to Defendants' motion and have not shown any reason why the deposition should take place in California as opposed to Wheeler's place of residence in Florida, and have not shown any "unusual circumstance to justify putting [Wheeler] to such inconvenience." *See Grey*, 315 F.Supp. at 832. Accordingly, Plaintiffs have not overcome the presumption in favor of Wheeler's deposition taking place in the Middle District of Florida. *See Willis*, 2006 WL 302343, at *5.

3

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion for protective order, (Doc. 96), is GRANTED.
2. Defendant Cleveland Wheeler's deposition shall take place at a location within the Middle District of Florida.

IT IS SO ORDERED.

Dated: **November 8, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE