# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RENEE MCCLURE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al.,<br><br>Defendants. | Case No. 1:18-cv-00176-DAD-SKO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DEPOSITION RESPONSES AND REQUEST FOR SANCTIONS**<br><br>(Doc. 114) |

## I. INTRODUCTION

On January 15, 2020, Plaintiffs Terry Renee McClure and Dustin Hubbard ("Plaintiffs") filed a motion to compel deposition responses and for sanctions against Defendant Cleveland Robert Wheeler ("Wheeler"). (Doc. 114.) Plaintiffs' motion is based on Wheeler's refusal to answer certain questions at his deposition on December 17, 2019. (*Id.* at 3.) On February 12, 2020, Plaintiffs and Wheeler filed a "Joint Statement Re Discovery Disagreement" pursuant to Local Rule 251 setting forth the parties' respective positions.[1] (Doc. 125.)

After reviewing the motion and supporting documents, the matter was deemed suitable for decision without oral argument, and the Court vacated the hearing set for February 19, 2020.

---

[1] Wheeler's counsel also submitted an unauthorized filing titled, "Declaration of Quentin Cedar in Opposition to Plaintiffs' Motion to Compel Deposition Responses, Request for Sanctions," on February 12, 2020. (Doc. 124.)

(Doc. 126.) For the reasons set forth below, Plaintiffs' motion to compel deposition responses and for sanctions is GRANTED IN PART AND DENIED IN PART.

## II. RELEVANT PROCEDURAL BACKGROUND

On February 1, 2018, McClure filed a complaint against Defendants Prisoner Transportation Services of America, LLC, Cleveland Robert Wheeler, Leticia Monique Avalos, and Fausto Avalos, alleging causes of action for negligence, intentional infliction of emotional distress, and civil rights violations under 42 U.S.C. § 1983. (Doc. 1.) The allegations of the complaint relate to a car accident that occurred on July 8, 2016, involving a van operated by Prisoner Transportation Services of America, LLC and driven by Wheeler, and a car driven by Leticia Avalos and owned by Fausto Avalos. (*Id.* at 2–9.) McClure was a passenger in the van operated by Prisoner Transportation Services of America, LLC, at the time of the accident. (*Id.* at 2–3.) McClure seeks special damages, general damages, punitive damages, and attorney's fees. (*Id.* at 22–23.) On January 9, 2019, a Second Amended Complaint was filed adding Plaintiff Dustin Hubbard as a party. (Doc. 65.) On May 22, 2019, Plaintiffs filed a Third Amended Complaint. (Doc. 83.)

The Court held a scheduling conference on January 17, 2019 and entered a scheduling order on January 18, 2019. (*See* Doc. 67.) The scheduling order set the non-expert discovery deadline for November 15, 2019, the non-dispositive motions deadline for January 17, 2020, the dispositive motions deadline for January 31, 2020, and a trial date of July 21, 2020. (*Id.*)

On November 4, 2019, the Court granted Defendants' request to modify the scheduling order deadlines, extending all deadlines by approximately 90 days, including extending the non-expert discovery deadline until December 16, 2019, for the limited purpose of conducting depositions of Plaintiff Hubbard and Wheeler. (Doc. 99 at 2.) On November 8, 2019, the Court granted Defendants' unopposed motion for a protective order as to Wheeler's deposition and

stated that Wheeler's deposition must occur at a location within the Middle District of Florida. (*See* Doc. 101.)

On December 17, 2019[2] Plaintiffs' counsel deposed Wheeler. (*See* Doc. 114-1 at 2; Doc. 114-2 at 2.) During the deposition, Wheeler's counsel objected to certain questions based on relevance and privacy and instructed Wheeler not to answer questions regarding (1) his income and assets and (2) whether he suffered injuries in a prior accident or he or his partner suffered injuries in the accident in this case. (*See* Doc. 114-1 at 3–6.)

### III.　　　　DISCUSSION

**A.　Plaintiffs' Motion to Compel Answers to Deposition Questions is Granted in Part and Denied in Part**

　**1.　Legal Standards**

　　**a.　Deposition Objections Generally**

Under Rule 30 of the Federal Rules of Civil Procedure, counsel may properly state objections during a deposition "concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). "Generally, instructions not to answer questions at a deposition are improper." *Vasquez v. Leprino Foods Company*, Case No. 1:17-cv-0796-AWI-BAM, 2019 WL 1934015, at *2 (E.D. Cal. May 1, 2019) (citing *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 365 (N.D. Cal. 2000)). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

An instruction not to answer a question based on relevance or as outside the scope of

---

[2] The Court notes that Wheeler's deposition apparently occurred one day after the extended deadline, (*see* Doc. 99 at 2), and neither Plaintiffs nor Wheeler have explained why that is the case or attempted to justify it. Relatedly, Wheeler's counsel devotes much of his portion of the Joint Statement to contentions that Plaintiffs' motion is untimely. (*See* Doc. 125 at 7–14.) The Court disagrees. The parties requested, and the Court allowed, an extension of the non-expert discovery deadline for the limited purpose, in part, of Wheeler's deposition. (Doc. 99 at 2.) A party cannot violate the rules of discovery at a deposition without consequence simply because non-expert discovery had otherwise closed, and the moving party cannot be expected to file a motion to compel by midnight on the day of such deposition for it to be considered timely.

3

discovery or the deposition "are improper grounds for instructing a witness not to answer." *Vasquez*, 2019 WL 1934015, at *6 (citing *Doe v. City of San Diego*, Civil No. 12-cv-0689-MMA (DHB), 2013 WL 6577065, at *5 (S.D. Cal. Dec. 13, 2013)). As to objections based on the right to privacy, under either federal or state law, "the Court must balance the party's need for the information against the individual's privacy right." *Buffington v. Nestle Healthcare Nutrition Inc.*, Case No. SACV 18-00106-JVS (JDEx), 2019 WL 3069014, at *2 (C.D. Cal. Apr. 18, 2019) (citing *Kakagawa v. Regents of Univ. of California*, No. C 06-2066 SI, 2008 WL 1808902, at *2 (N.D. Cal. Apr. 22, 2008)).

### b. Right to Privacy

In federal question cases, including cases in which federal claims and pendent state law claims are brought, federal privilege law applies. *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *Love v. Permanente Medical Group*, No. C-1205679 DMR, 2013 WL 4428806, at *3 (N.D. Cal. Aug. 15, 2013); Fed. R. Evid. 501, Advisory Committee Notes. However, the Court may also consider state law, to the extent it is consistent with federal law. *See Brooks v. County of San Joaquin*, 275 F.R.D. 528, 530 (E.D. Cal. 2011) ("While federal law is controlling . . . state law is nevertheless relevant, especially in mixed claims where one of the elements of the federal claim is that a *state* actor was acting under color of *state* law when the federal right was violated—a category which includes every 42 U.S.C. § 1983 action") (citation omitted); *Lewis*, 517 F.2d at 237; *Soto v. City of Concord*, 162 F.R.D. 603, 610 n.2 (N.D. Cal. July 17, 1995). Thus, although federal law controls, the Court will also consider state law as to the right of privacy to the extent it is not inconsistent with federal law.[3] *See Soto*, 162 F.R.D. at 618 (determining that California state constitutional right to privacy is consistent with federal right to privacy).

---

[3] Because there is no federal physician-patient privilege, the Court declines to apply California's physician-patient privilege. *See Soto*, 162 F.R.D. at 618 ("Since there is no analogous federal privilege, it would be too inconsistent and anomalous with federal privilege law to recognize California's statutory physician-patient privilege.") (citation omitted).

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto*, 162 F.R.D. at 616 (citing *Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir. 1976)). "Unlike a privilege, the right of privacy is not an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right." *Gamino v. Yosemite Community College District, et al.*, Case No. 1:18-cv-00391-SAB, 2020 WL 977933, at *2 (E.D. Cal. Feb. 28, 2020) (citing *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995)). "Resolution of a privacy objection . . . requires a balancing of the need for the information sought against the privacy interest asserted" and includes consideration of the "strong public interest in uncovering civil rights violations." *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) (citations omitted); *see also Cervantes v. CEMEX, Inc.*, No. 1:12-cv-1923-LJO-JLT, 2014 WL 4104200, at *6 (E.D. Cal. Aug. 2014) ("District Courts have adopted a balancing test used by California state courts to determine whether disclosure is appropriate, under which the Court must balance the plaintiff's need of the information against the claimed privacy right") (citations omitted).

California's Constitution contains an explicit protection of individual privacy, *see* Cal. Const. art. 1, sec. 1, but "this privacy right . . . is not absolute." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 429 (N.D. Cal. 1999) (citing *Binder v. Superior Ct.*, 196 Cal.App.3d 893 (1987)). "Only obvious invasions of interests fundamental to personal autonomy must be supported by a compelling interest." *Williams v. Superior Court*, 3 Cal.5th 531, 557 (2017). While "[a] threatened invasion of privacy can, to be sure, be extremely grave, and to the extent it is, to conclude in a given case that only a compelling countervailing interest and an absence of alternatives will suffice to justify the intrusion may be right." *Id.* (citation omitted). However, the burden is "on the party asserting a privacy interest to establish its extent and the seriousness of the prospective invasion, and against that showing" the Court must "weigh the countervailing interests

5

the opposing party identifies[.]" *Id.* The court should consider factors including "the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure[,] and availability of alternative, less intrusive means for obtaining the requested information." *LL B Sheet 1, LLC v. Loskutoff*, Case No. 16-cv-02349-BLF (HRL), 2016 WL 7451632, at *2 (N.D. Cal. Dec. 28, 2016) (quoting *Hooser v. Superior Court*, 84 Cal.App.4th 997, 1004 (2000), *disapproved of on other grounds by Williams*, 3 Cal.5th at 557).

**2. Analysis**

**a. Questions Regarding Income and Assets**

During the deposition, Plaintiffs' counsel, Stratton Barbee, Esq., asked Wheeler the following questions regarding his income and assets and Wheeler's counsel, Quentin Cedar, Esq., objected as follows:

> MR. BARBEE: Okay. And what was your salary [as of July 8, 2016]?
>
> MR. CEDAR: I'm going to object. I'm going to instruct him not to answer. It's personal, private information. There's no relevance for it. Mr. Wheeler, again, is not making an affirmative claim for loss of wages in this suit. And under the Federal standard, this question really is outside the scope of discovery.
>
> MR. BARBEE: Do you own property?
>
> MR. CEDAR: I'm going to object again. Same objection. And instruct him not to answer.
>
> MR. BARBEE: If you do own property, how much is the property worth?
>
> MR. CEDAR: Same objection. And instruct Mr. Wheeler not to answer.
>
> MR. BARBEE: Okay. Do you own any vehicles?
>
> MR. CEDAR: Same objection. And instruct Mr. Wheeler not to answer.

(Doc. 114-2 at 5–7.)

Relevance is not a proper basis on which to instruct a witness not to answer, *see Vasquez*, 2019 WL 1934015, at *6, and Wheeler's counsel improperly instructed him not to answer these

questions on the basis of relevance. As to the privacy objections, the Court finds that Plaintiffs' need for the information outweighs Wheeler's interest in privacy, except as to the first question regarding Wheeler's salary as of July 8, 2016. *See Keith H.*, 228 F.R.D. at 657.

Wheeler contends that his salary from 2016 is not relevant or material to the issue of punitive damages and does not address the remaining questions specifically. (Doc. 125 at 29.) The Court agrees that information regarding Wheeler's salary in 2016 is irrelevant, *see, e.g., Toranto v. Jaffurs*, Case No.: 16cv1709-JAH (NLS), 2018 WL 6062516, at *4 (S.D. Cal. Nov. 20, 2018) ("Generally, information about a defendant's past financial information is not relevant to the claim of punitive damages"); thus Plaintiffs have little need for it and the Court will not compel a response to that question.

However, the remaining questions, to the extent they relate to Wheeler's current financial circumstances,[4] are clearly relevant and material to the issue of punitive damages. *See LLB Sheet 1, LLC*, 2016 WL 7451632, at *1 ("Information related to a defendant's current net worth and financial condition is 'clearly relevant to the issue of punitive damages'") (citations omitted). Contrary to Wheeler's contention, "a majority of federal courts permit discovery of financial information about the defendant without requiring [the] plaintiff to establish a *prima facie* case on the issue of damages." *See E.E.O.C. v. Braun Elec. Co.*, No. 1:12-cv-01592-LJO-JLT, 2014 WL 356998, at *4 (E.D. Cal. Jan 24, 2014) (collecting cases). Plaintiffs have a significant for need this information for an award of punitive damages, *see Adams v. Murakami*, 54 Cal.3d 105, 114–16 (1991), and it does not appear that Plaintiffs have any other way of obtaining the information.

The Court further finds that Wheeler's privacy interest in this information is relatively slight. Significantly, Plaintiffs did not request financial records from Wheeler, such as income tax

---

[4] In their motion, Plaintiffs characterize the remaining questions as "question [sic] regarding [Wheeler's] finances and assets at the time of the accident." (Doc. 114 at 4.) However, this appears to be a typographical error, as the deposition transcript shows that the questions themselves are unqualified, and, unlike the question regarding Wheeler's 2016 salary, in context appear to ask Wheeler what his *current* assets are. (*See* Doc. 114-2 at 7.)

returns, but simply request that Wheeler respond to certain limited questions regarding his assets. Wheeler does not identify any negative "effect that disclosure will have" on him, and the Court finds that the requested information is of limited sensitivity, relative to its importance to Plaintiffs. *See LL B Sheet 1, LLC*, 2016 WL 7451632, at *2 (citing *Hooser*, 84 Cal.App.4th at 1004).

In sum, the Court finds that Plaintiffs have shown sufficient need for the information as to outweigh Wheeler's privacy interest. *See id.*; *Keith H.*, 228 F.R.D. at 657. Thus, the Court GRANTS Plaintiffs' request to compel responses to the questions related to Wheeler's current assets only.

### b. Questions Regarding Injuries

Plaintiffs' counsel also asked Wheeler the following questions regarding injuries he suffered during a prior accident and injuries he and his partner suffered during the accident at issue in this case, and Wheeler's counsel objected as follows:

> MR. BARBEE: Okay. And in that [prior] accident, the private accident, did you suffer any personal injuries, not just vehicle damage, but personal injuries to your body?
>
> MR. CEDAR: I'm going to object. It invades Mr. Wheeler's privacy rights. And just—you know, we've been going down this inquiry, it's just not relevant. So Mr. Wheeler is not presenting any affirmative claims in this action and I'm going to instruct him not to answer.
>
> …
>
> MR. BARBEE: Did you sustain any injuries as a result of this accident?
>
> MR. CEDAR: I'm going to object again. Invades his personal privacy rights. Outside the scope of discovery and not relevant. Mr. Wheeler is not presenting an affirmative claim in this case. And instruct him not to answer.
>
> …
>
> MR. BARBEE: Did your partner, David Hedrick, suffer any injuries?
>
> MR. CEDAR: Same objections. Mr. Hedrick's right to privacy. Not relevant. No claim is being made by Mr. Hedrick for personal injuries in this action. And instruct him not to answer.

8

(Doc. 114-2 at 3–4, 8–10.)

As stated above, relevance and scope are improper bases on which to direct a witness not to answer, *see Vasquez*, 2019 WL 1934015, at *6, and Wheeler's counsel improperly instructed him not to answer on those bases. As to the privacy objections, the Court finds that Plaintiffs' need for the information outweighs Wheeler's or nonparty David Hedrick's interest in privacy. *See Keith H.*, 228 F.R.D. at 657.

Information regarding whether Wheeler or his partner sustained injuries in the car accident at issue in this case is relevant to the issue of damages, and information regarding Wheeler's injuries in a prior car accident is relevant to whether Wheeler was at fault in the prior accident, which in turn may be relevant to whether Wheeler is a reckless driver.[5] Further, the Court finds that Wheeler's and Mr. Hedrick's interest in privacy is relatively low, as Plaintiffs are not requesting any medical records at all, but are simply requesting that Wheeler respond to certain limited questions about whether and to what extent he and Mr. Hedrick were injured. *Cf. E.E.O.C. v. Serramonte*, 237 F.R.D. 220, 225 (N.D. Cal. 2006) (denying the defendants' request for certain of the plaintiff's medical records based on the right to privacy, finding that the "[d]efendants are not prejudiced because they will have an opportunity to depose [the plaintiff] to ascertain the extent and nature of her past emotional distress.").

Plaintiffs do not appear to have any other means of obtaining this information. Additionally, Wheeler has failed to identify any negative "effect that disclosure will have" on him or on Mr. Hedrick, and has not even indicated that Mr. Hedrick personally objects to Wheeler answering a question about whether the was injured during an incident four years ago. As such,

---

[5] Although evidence regarding whether Wheeler is a reckless driver generally or has been in the past may not be admissible at trial, it is still discoverable. *See* Fed. R. Civ. P. 26(b)(1). Further, although Wheeler objects to Plaintiffs' question about the injuries he sustained in a prior accident in part because the accident "is . . . more removed from the claims and defenses in the present litigation," the Court notes that the portions of the deposition transcript submitted by Plaintiff with the motion and by Wheeler with his unauthorized declaration show that Wheeler's counsel did not object to a number of other questions regarding the prior accident. (*See* Doc. 114-2 at 3; Doc. 124 at 10.)

9

the Court finds that the requested information is minimally sensitive relative to its importance to Plaintiffs. *See LL B Sheet 1, LLC*, 2016 WL 7451632, at *2 (citing *Hooser*, 84 Cal.App.4th at 1004). Accordingly, the Court will direct Wheeler to respond to the questions identified above, but will limit the follow up deposition to one hour and to only the questions identified in this order and reasonable, related follow-up questions.[6]

**B.      Sanctions**

    **1.      Legal Standards**

Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted in part and denied in part, "the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Under Rule 30, "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. The district court has wide discretion to impose discovery sanctions. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–06 (9th Cir. 2001).

    **2.      Analysis**

Plaintiffs request sanctions against Wheeler and his counsel under Rule 37 in the amount of $4,231.81 "for the time [Plaintiffs' counsel] has spent, and will spend, in making this motion." (Doc. 114 at 13.) Plaintiffs also request that Wheeler and his counsel bear the expense of a

---

[6] Due to the relative lack of sensitivity of both the financial and medical information involved in the follow-up deposition, because the parties' general lack of cooperation in discovery has resulted in this discovery dispute being resolved well after the non-expert discovery deadline passed, and because neither party requests it, the Court does not find the entry of a protective order as to confidentiality of the information necessary or productive. However, the parties are free to agree between themselves as to the confidentiality of any portions of the transcript of the follow-up deposition.

10

follow-up deposition of Wheeler. (*Id.*)

Plaintiffs have submitted almost no information[7] to support their request for attorney fees in the amount of $4,231.81, and inexplicably delayed in filing this motion until approximately 30 days after the deposition occurred. Further, Plaintiffs' motion is granted in part and denied in part, *see* Fed. R. Civ. P. 37(a)(5)(C), and Wheeler's counsel had at least a good faith basis for some of his objections. Thus, the Court finds that an award of attorney fees to Plaintiffs' counsel is not warranted. However, Wheeler's counsel's conduct necessitated a follow-up deposition of Wheeler, and several of Wheeler's counsel's objections were unjustified. Thus, the Court in its discretion will require Wheeler's counsel to bear any reasonable expenses associated with facilitating Wheeler's follow-up deposition. *See, e.g., Nguyen v. LVNV Funding, LLC*, Case No.: 15cv758-LAB (RBB), 2017 WL 951026, at *13-14 (S.D. Cal. Mar. 10, 2017); *Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 654–55 (C.D. Cal. 2006).

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion to compel deposition responses and request for sanctions, (Doc. 114), is GRANTED IN PART AND DENIED IN PART;

2. By no later than March 17, 2020, the parties SHALL meet and confer to decide upon a mutually agreeable date and time, location, and method[8] of conducting a follow up deposition of Wheeler;

3. By no later than March 31, 2020, Wheeler shall submit to the follow up deposition, and the deposition shall be limited to no more than one hour and cover only the questions

---

[7] For example, Plaintiffs' state that "[a]s of the drafting this [sic] declaration [Plaintiffs' counsel] have already spent approximately 12 hours, 11 minutes, on this motion to compel. This time includes reading the deposition transcripts, conducting legal research, and writing the motion to compel" and state that their counsel's rate is $350 per hour. (Doc. 114-1 at 2.) However, Plaintiffs provide no itemization of the time expended on the motion to support their conclusory statements and have provided no information to support counsel's requested hourly rate.

[8] For example, if the parties' counsel prefer not to travel and they can mutually agree, the deposition may be conducted by videoconference or telephone.

11

identified in this order and reasonable, related follow-up questions; and

       4.      Plaintiffs' request for sanctions is granted only to the extent that Wheeler's counsel shall bear any reasonable expenses associated with facilitating the follow up deposition. Plaintiffs' request for sanctions is in all other respects denied.

IT IS SO ORDERED.

Dated:   **March 12, 2020**                      /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE