# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY RENEE MCCLURE, et al., <br> Plaintiffs, <br><br> v. <br><br> PRISONER TRANSPORTATION SERVICES OF AMERICA, LLC, et al. <br> Defendants. | Case No. 1:18-cv-00176 DAD SKO <br><br> SECOND AMENDED ORDER re SETTLEMENT CONFERENCE <br><br> ORDER FOLLOWING PRE-SETTLEMENT CONFERENCE |

On March 11, 2020, the Court held a telephonic pre-settlement conference. Stratton Barbee, Esq. appeared on behalf of Plaintiffs; Christopher Egan, Esq. and Quentin Cedar, Esq. appeared on behalf of Defendants Prisoner Transportation Services of America, LLC and Cleveland Wheeler; Deborah Bartlett, Esq., appeared on behalf of Defendants Leticia Monique Avalos and Fausto Avalos; and Talia Delanoy, Esq. appeared on behalf of Defendant Albert Gonzalez.

The Court discussed with the parties the status of settlement negotiations and whether a settlement conference on March 19, 2020, would be productive. The parties indicated that a settlement conference on March 19, 2020, would not be productive, in part because Plaintiffs failed to serve a settlement demand on all parties at least 28 days prior to the settlement conference, as required by the Court's "Amended Order re Settlement Conference" entered on January 8, 2020.[1] (*See* Doc. 113 at 1.)

---

[1] Plaintiffs served a settlement demand on only two of the defendants, who had requested a demand.

Thus, the Court determined that a settlement conference on March 19, 2020, would not be productive and requested that the parties advise the Court of their availability for a later settlement conference. Based on the parties' availability, **the Court hereby CONTINUES the settlement conference to August 20, 2020, at 10:30 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.** Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Accordingly, IT IS HEREBY ORDERED that:

1. **Pre-settlement Conference Exchange of Demand and Offer**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, **within twenty eight (28) days of the date of this Order**, Plaintiffs' counsel shall submit a written itemization of damages and settlement demand to each defense counsel with a brief summary of the legal and factual basis supporting the demand. **Within fourteen (14) days of the date of service of Plaintiffs' demand**, each defense counsel shall submit a written offer to plaintiff's counsel with a brief summary of the legal and factual basis supporting the offer.

The parties **shall** continue to meet and confer thereafter to attempt to compromise regarding their respective positions, so as to assist with ensuring that the settlement conference will be productive.

2. **Submission and Content of Confidential Settlement Conference Statements**

The parties are to send Confidential Settlement Conference Statements (Settlement Statement) to the following email address: SKOorders@caed.uscourts.gov, to arrive no later than **21 days** before the conference. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Each party shall also file a Notice of Submission of Confidential Settlement Conference Statement (*See* L.R. 270 (d)).

If the Settlement Conference is continued for any reason, each party must submit a new Settlement Statement that is complete in itself, without reference to any prior Settlement Statements.

Each Settlement Statement *shall include the following*:

    a.    A brief summary of the core facts, allegations, and defenses, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute.

    b.    A summary of the proceedings to date.

    c.    An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d.    The nature of the relief sought.

    e.    An outline of past settlement efforts including information regarding the "Pre-settlement Conference Exchange of Demand and Offer" required above—*including the itemization of damages*—and a history of past settlement discussions, offers, and demands.

    f.    A statement of each party's expectations and goals for the Settlement Conference.

**3.**     **Attendance of Trial Counsel and Parties Required**

*The attorneys who will try the case and parties with full and complete settlement authority are required to personally attend the conference.*[1] An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has *full authority to negotiate and settle the case.* An uninsured corporate party shall appear by a representative authorized to negotiate, and who has *full authority to negotiate and settle the case.* It is difficult for a party who is not present to appreciate the process and the reasons that may justify a change in one's perspective toward settlement. Accordingly, having a client with authority available by telephone is *not* an acceptable alternative, except under the most extenuating circumstances.[2]

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.

[2] Out of town or out of state travel and the purchase of an airplane ticket are not extenuating circumstances.

The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

**4.    Issues to Be Discussed**

The parties *shall* be prepared to discuss the following at the settlement conference:

a.  Goals in the litigation and problems they would like to address in the settlement conference and understanding of the opposing side's goals.
b.  The issues (in and outside the lawsuit) that need to be resolved.
c.  The strengths and weaknesses of their case.
d.  Their understanding of the opposing side's view of the case.
e.  Their points of agreement and disagreement (factual and legal).
f.  Any financial, emotional, and/or legal impediments to settlement.
g.  Whether settlement or further litigation better enables the accomplishment of their respective goals.
h.  Any possibilities for a creative resolution of the dispute.

**5.    Statements Inadmissible**

The parties are expected to address each other with courtesy and respect, and are encouraged to be frank and open in their discussions. Statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

**6.    Pre-Settlement Telephonic Conference**

Prior to the Settlement Conference, Magistrate Judge Oberto will hold a brief, telephonic discussion on **August 6, 2020, at 4:00 PM (dial-in number: 1-888-557-8511; passcode: 6208204#)**. Only attorneys and unrepresented parties are required to participate in the conference.

**7. Superseding of Amended Order re Settlement Conference; Sanctions**

The deadlines and directives in this order **supersede the deadlines and directives set forth in the "Amended Order re Settlement Conference," (Doc. 113). The Court may impose sanctions on any party or any party's counsel that fails to comply with this order.**

IT IS SO ORDERED.

Dated: **March 17, 2020**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE